NICHOLS, Appellee,

v.

A.W. CHESTERTON CO. et al., Appellants.

[Cite as *Nichols v. A.W. Chesterton Co.*, 172 Ohio App.3d 735, 2007-Ohio-3828.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2006–12–316 and CA2006–12–319.

Decided July 30, 2007.

Motley, Rice, L.L.C., John J. McConnell Jr., and Vincent L. Greene, for appellee.

Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Schuster, Nina I. Webb–Lawton, and Rosemary D. Welsh, for appellants.

Bunda, Stutz & DeWitt, P.L.L.C., and Rebecca C. Sechrist, for amicus curiae, Owens–Illinois, Inc.

---

Young, Presiding Judge.

{¶ 1} Defendants-appellants, A.W. Chesterton Company and others,[1] appeal from a decision of the Butler County Court of Common Pleas overruling their motion to dismiss the asbestos-related colon-cancer claims of plaintiffs-appellees, Carl Nichols Jr. and Kenneth Bellamy, after finding that the provisions in R.C. 2307.92 do not apply to appellees' claims.

{¶ 2} In July 2001, Kenneth Bellamy was among a group of plaintiffs who filed a personal-injury action against numerous defendants who manufacture, sell, or otherwise "place into the stream of commerce" asbestos or asbestos-containing products or machinery. Bellamy and the other plaintiffs alleged that they developed "asbestos-related lung injury, disease, illness and disability and other related physical conditions" as a result of the defendants' actions.

{¶ 3} In December 2001, Carl Nichols Jr. filed a similar complaint,[2] with similar allegations against numerous defendants, many of whom had been already named as defendants in the Bellamy action. A number of the defendants in appellees' actions are now the appellants in this appeal.

{¶ 4} Appellees' lawsuits are among the thousands of asbestos cases filed in Butler County over the past ten years. The total number of asbestos claims filed in this state has created an asbestos-litigation crisis. See *Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006–Ohio–6704, 864 N.E.2d 682, ¶ 22. The General Assembly has sought to resolve this crisis by enacting 2003 Am.Sub.H.B. 292 ("H.B. 292"), which became effective on September 2, 2004. Id. at ¶ 29.

{¶ 5} The key provisions of H.B. 292 are codified in R.C. 2307.91 through 2307.98. For example, R.C. 2307.92 requires plaintiffs bringing certain kinds of asbestos claims to make a prima facie showing that the exposed person has a physical impairment resulting from a medical condition and that the person's exposure to asbestos was a substantial contributing factor to the medical condi-

---

1. The other defendants-appellants in this case are the Oglebay Norton Company, Certainteed Corporation, Union Carbide, Georgia–Pacific Corporation, Cleaver–Brooks, Riley Stoker Corporation, Garlock Sealing Technologies, L.L.C., and Rapid American Corporation.

2. According to appellants' brief, Nichols's suit was originally filed in April 2001 as part of "a mass filing" of asbestos-related claims by "numerous plaintiffs against scores of defendants." The trial court found the joinder of these plaintiffs to be improper and ordered the plaintiffs to file separate complaints. Nichols complied with this order by filing his individual complaint in December 2001.

tion. See R.C. 2307.92(A) through (D). H.B. 292 also defines terms like "competent medical authority," see R.C. 2307.91(Z), which had not been previously defined by either the General Assembly or the Ohio Supreme Court.

{¶ 6} In April 2006, the trial court held a hearing on several hundred asbestos cases that were pending before the court, including those brought by appellees. At the hearing, both appellees asserted that they had contracted colon cancer as a result of their exposure to asbestos. The trial court ordered appellees to submit evidence that their colon cancers were linked to asbestos exposure.

{¶ 7} In June and August of 2006, both appellees submitted written opinions from Dr. Arthur Frank, who opined that appellees' colon cancers were causally connected to their asbestos exposure. Appellants responded to appellees' evidence by moving to have appellees' actions administratively dismissed on the grounds that Dr. Frank was not a "competent medical authority" for purposes of R.C. 2305.10(B)(5) because he was not a "treating" physician as required by R.C. 2307.91(Z)(2). Therefore, appellants argued, appellees' causes of action had not yet accrued pursuant to R.C. 2305.10(B)(5).

{¶ 8} At some point during the proceedings, the trial court asked the parties to brief the question of how colon cancer claims should proceed in light of H.B. 292. Appellants responded with a brief in September 2006 in which they argued that H.B. 292 "gives guidance for *all* asbestos claims (emphasis sic)" and that "[c]olon cancer claims are within the sweep of [H.B. 292]." Appellants also argued that even if the trial court chose not to apply H.B. 292, the court should, nevertheless, look to that statute for guidance in applying R.C. 2305.10(B)(5). In particular, they urged the trial court to apply the definition of "competent medical authority" found in H.B. 292, which is codified at R.C. 2307.91(Z), in determining whether appellees' causes of action had accrued under R.C. 2305.10(B)(5).

{¶ 9} Appellees responded to appellants' brief by arguing that H.B. 292 applies only to "very specific categories of asbestos related disease," namely, to asbestos claims based on nonmalignant conditions, lung cancer in smokers, or wrongful death. See R.C. 2307.92(B), (C), and (D). Appellees asserted that because their asbestos-related colon-cancer claims do not fall within any of these categories, the provisions of H.B. 292 do not apply to their claims.

{¶ 10} On November 22, 2006, the trial court issued an order overruling appellants' motion to dismiss, after finding that R.C. 2307.92(B), (C), and (D) do not apply to colon-cancer claims like those brought by appellees.

{¶ 11} Appellants now appeal from the trial court's November 22, 2006 order,[3] raising the following assignment of error:

---

3. Although the issue is not entirely free from doubt, we deem the entry from which appellants are appealing to be a final order pursuant to R.C. 2505.02(B)(4), because it appears to be an

{¶ 12} "The trial court erred by not applying R.C. 2305.10 and 2307.92(A), statutes that tie accrual of an asbestos personal injury action to the date when 'competent medical authority' informs the plaintiff that the injury is 'related [sic] to the exposure.'"

{¶ 13} Appellants argue that the trial court erred by overlooking R.C. 2307.92(A). They assert that the General Assembly's plain intent in enacting that provision was to clarify when an asbestos-related cause of action accrues under R.C. 2305.10(B)(5) by clarifying the meaning of the term "competent medical authority." They contend that when so clarified and applied to the facts of these two cases, R.C. 2305.10(B)(5) shows that appellees do not have accrued causes of action for asbestos injury, and therefore, the trial court erred by not dismissing appellees' causes of action. We disagree with appellants' argument.

{¶ 14} R.C. 2305.10(B)(5) states:

{¶ 15} "[A] cause of action for bodily injury caused by exposure to asbestos accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first."

{¶ 16} Prior to September 2, 2004, the General Assembly had never defined the phrases "bodily injury caused by exposure to asbestos" or "competent medical authority." *Wilson v. AC&S, Inc.,* 169 Ohio App.3d 720, 728, 2006–Ohio–6704, 864 N.E.2d 682, ¶ 17. "The ambiguity in these phrases resulted in an extraordinary volume of cases that strains the courts in this state and threatens to overwhelm our judicial system." Id. at ¶ 123, citing Section 3(A)(3) of H.B. 292.

{¶ 17} On September 2, 2004, H.B. 292 went into effect. The basic purpose of the law is to resolve this state's asbestos-litigation crisis. *Wilson* at ¶ 29. The key provisions of H.B. 292 are codified in sections 2307.91 through 2307.98 of the Revised Code. In *Wilson,* this court held that retrospectively applying R.C. 2307.91, 2307.92, and 2307.93 did not violate the ban on retroactive legislation in Section 28, Article II of the Ohio Constitution. See *Wilson.*

{¶ 18} Of critical importance in this case is the meaning and applicability of the provisions in R.C. 2307.92. R.C. 2307.92(A) states:

---

order denying appellants the provisional remedy of requiring appellees to make a prima facie showing under R.C. 2307.92 to prove their asbestos-related claims, and (1) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in favor of appellants with respect to the provisional remedy, and (2) appellants would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 19} "For purposes of section 2305.10 and sections 2307.92 to 2307.95 of the Revised Code, 'bodily injury caused by exposure to asbestos' means physical impairment of the exposed person,[4] to which the person's exposure to asbestos is a substantial contributing factor."

{¶ 20} R.C. 2307.91(FF) defines the term "substantial contributing factor" as meaning both that (1) exposure to asbestos is the predominate cause of the physical impairment alleged in the asbestos claim and (2) a competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred.

{¶ 21} R.C. 2307.91(Z) defines the term "competent medical authority" as meaning a medical doctor who (1) is providing a diagnosis for purposes of constituting prima facie evidence of an exposed person's physical impairment that meets the requirements specified in R.C. 2307.92, and (2) meets the requirements listed in R.C. 2307.91(Z)(1)-(4).

{¶ 22} R.C. 2307.92(B) provides that "[n]o person shall bring or maintain a tort action alleging an asbestos claim based on a nonmalignant condition[5] in the absence of a prima-facie showing, in the manner described in [R.C. 2307.93(A).]" R.C. 2307.92(B)(1) through (3) then lists the minimum requirements that the prima facie showing must contain. R.C. 2307.92(C) provides similar requirements for persons bringing or maintaining an asbestos claim based upon lung cancer of an exposed person who is a smoker, and R.C. 2307.92(D) provides similar requirements for persons bringing or maintaining an asbestos claim based upon wrongful death.

{¶ 23} Appellants acknowledge that the requirements in R.C. 2307.92(B), (C), and (D) do *not* apply to appellees' colon-cancer cases. Nevertheless, appellants assert that the language in R.C. 2307.92(A) clarifies the point at which *all* asbestos causes of action accrue under R.C. 2305.10(B)(5), by clarifying the meaning of the term "competent medical authority" in R.C. 2307.91(Z). Specifically, appellants maintain that no asbestos cause of action accrues for purposes of R.C. 2305.10(B)(5) until the plaintiff is informed by "competent medical authority," as that term is now defined in R.C. 2307.91(Z), that the plaintiff has an injury that is related to exposure to asbestos.

---

**4.** R.C. 2307.91(N) defines the term "exposed person" as "any person whose exposure to asbestos or to asbestos-containing products is the basis for an asbestos claim under section 2307.92 of the Revised Code."

**5.** R.C. 2307.91(T) defines "nonmalignant condition" as "a condition that is caused or may be caused by asbestos other than a diagnosed cancer."

{¶ 24} However, appellants' argument ignores the definition of one other critical term in R.C. 2307.92(A). As previously stated, R.C. 2307.92(A) defines the phrase "bodily injury caused by exposure to asbestos" to mean *"physical impairment* of the exposed person, to which the person's exposure to asbestos is a substantial contributing factor." (Emphasis added.) The term "physical impairment" is defined in R.C. 2307.91(V) as follows:

{¶ 25} " 'Physical impairment' means a nonmalignant condition that meets the minimum requirements specified in division (B) of section 2307.92 of the Revised Code, lung cancer of an exposed person who is a smoker that meets the minimum requirements specified in division (C) of section 2307.92 of the Revised Code, or a condition of a deceased exposed person that meets the minimum requirements specified in division (D) of section 2307.92 of the Revised Code."

{¶ 26} In this case, appellees' colon cancers do not constitute a physical impairment for purposes of R.C. 2307.92(A) because they do not fit within any of the three categories listed in R.C. 2307.91(V). Therefore, appellees' claims do not constitute a "bodily injury caused by exposure to asbestos" for purposes of R.C. 2307.92(A). Consequently, R.C. 2307.92(A), like R.C. 2307.92(B), (C), and (D), has no application to appellees' claims.

■ {¶ 27} Appellants argue, in the alternative, that this court should still apply the definition of "competent medical authority" found in R.C. 2307.91(Z) to this case because that definition is the "best evidence of what the General Assembly meant in 1980 when it passed [R.C.] 2305.10(B)(5) and included the term 'competent medical authority.' " We find this argument unpersuasive as well.

{¶ 28} R.C. 2307.91(Z) defines "competent medical authority" as "a medical doctor who is providing a diagnosis for purposes of constituting prima-facie evidence of an exposed person's physical impairment that meets the requirements specified in R.C. 2307.92[.]" Thus, R.C. 2307.91(Z) makes clear that the definition of "competent medical authority" applies to medical doctors who provide a diagnosis for purposes of meeting the requirements specified in R.C. 2307.92.

{¶ 29} If the General Assembly had intended for the definition of "competent medical authority" to apply to R.C. 2305.10(B)(5) in *all* asbestos cases, the legislature could have easily said so. Because the General Assembly did not, it is apparent that the definition of "competent medical authority" contained in R.C. 2307.91(Z) applies merely to those medical doctors who provide a diagnosis for purposes of establishing prima facie evidence of an exposed person's physical impairment that meets the requirements of R.C. 2307.92. Because the provisions in R.C. 2307.92 do not apply to appellees' colon-cancer claims, the definition of

"competent medical authority" contained in R.C. 2307.91(Z) does not apply in this case, either.

{¶ 30} Appellants' assignment of error is overruled.

Judgment affirmed.

BRESSLER and POWELL, JJ., concur.