DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the Ohio Civil Rights Commission (the "Commission"), appeals from a magistrate's order of the Summit County Court of Common Pleas that granted attorney fees to Appellee, Margaret Burch. We reverse and remand.
 I. {¶ 2} Ms. Burch owns and resides in housing accommodations located at 972 Marion Place, in Akron, Ohio, in Summit County. On or about August 8, 2002, a tenant living next door to Ms. Burch at 968 Marion Place, Evelyn Drummer, filed a sworn housing discrimination charge against Ms. Burch with the Commission pursuant to R.C. 4112.05(B), alleging discrimination based on race. Drummer asserted that Ms. Burch had harassed her and that because of this harassment Drummer vacated her residence.
 {¶ 3} The Commission investigated the matter, and on April 10, 2003, issued a determination finding that Ms. Burch had engaged in discriminatory practices in violation of R.C. 4112.02(H)(1) and (H)(12). The Commission notified Ms. Burch and Drummer of their respective rights to elect to proceed through the administrative process, or in the alternative, to proceed in a civil action in common pleas court. Thereafter, Ms. Burch filed a notice of election with the Commission and the Ohio Attorney General to proceed in court pursuant to R.C. 4112.051.
 {¶ 4} On November 24, 2003, the Commission filed a complaint against Ms. Burch alleging unlawful discrimination based on race pursuant to R.C. 4112.02. In the complaint, the Commission sought declaratory and injunctive relief and attorney fees on behalf of the Commission, and actual and punitive damages on behalf of Drummer.
 {¶ 5} On February 13, 2004, Ms. Burch filed a motion to dismiss the case against her. The court referred the matter to a magistrate. On April 23, 2004, the Commission filed a motion to bifurcate the issue of attorney fees and litigation expenses form the issue of liability in the event that Ms. Burch was found to have violated R.C. 4112.02. The court granted this motion.
 {¶ 6} In a letter to Ms. Burch's counsel dated April 16, 2004, counsel on behalf of the Attorney General confirming May 7, 2004 depositions for Drummer to be held at Ms. Burch's counsel's office. It appears from this letter that the parties had communicated informally regarding the scheduling of this deposition. However, Drummer did not attend her deposition, a fact uncontested by the parties.
 {¶ 7} On May 10, 2004, Ms. Burch's counsel filed a motion for attorney fees in the amount of $350.00. As the basis for this motion, Ms. Burch asserted that Drummer failed to cancel, continue, or appear for her deposition that the parties had informally scheduled for May 7, 2004. The Commission responded to the motion, stating that, as a non-party witness/complainant to the civil case, Drummer had to have been properly served with a subpoena for the deposition, but that Ms. Burch's counsel had failed to do so.
 {¶ 8} On May 25, 2004, the Commission filed a notice of voluntary dismissal of the case against Ms. Burch, expressly reserving for resolution Ms. Burch's motion for attorney fees.
 {¶ 9} A hearing was held on the motion for attorney fees. On June 3, 2004, the magistrate issued an order pursuant to Civ. R. 53(C) granting Ms. Burch's motion for attorney fees and ordered the Commission pay $350.00 to Ms. Burch. The magistrate concluded that based upon the testimony presented at the hearing, that
"there was a sufficient acknowledgement between counsel that reflects that [Ms. Burch's attorney] justifiably relied on the representations of the Attorney General's representative that the subject witness, Ms. Drummer, would be present and that he did not need to rely on issuance of any subpoena or other court order to assure her presence, expecting that the State of Ohio, through its Attorney General, would have its key witness present for the deposition on May 7th.
"* * * [T]he rather informal approach taken by counsel in this matter is sufficient, however, to allow a reasonable justification on behalf of the Defendant that opposing counsel would assure the witness's presence."
 {¶ 10} The Commission filed a motion to stay the magistrate's order, which the magistrate failed to rule on within the 30-day timeframe for an appeal. In the interim, the Commission timely appealed to this Court from the magistrate's order, asserting one assignment of error for review.
 II. Assignment of Error
"The magistrate abused his discretion when he awarded sanctions against appellant because a non-party witness failed to attend a deposition that was informally scheduled."
 {¶ 11} In its sole assignment of error, the Commission contends that the magistrate erred when it sanctioned the Commission for Drummer's failure to attend an informally scheduled deposition. We agree.
 {¶ 12} A decision regarding an award of attorney fees is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at 21, citing Bowen v. Bowen (1999), 132 Ohio App.3d 616,642. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 13} Generally, a party is not entitle to attorney fees, absent specific statutory authorization of such fees. State ex rel. Kabatek v.Stackhouse (1983), 6 Ohio St.3d 55, 55-56. The Commission argues that no statutory or rule provision exists to authorize the grant of attorney fees in this case. Specifically, the Commission maintains that the magistrate determined the issue on a "reasonable reliance" theory, which they assert has no basis in law. Indeed, the magistrate did not provide any statutory basis for his grant of attorney fees in this case, and, notably, Ms. Burch fails to defend the magistrate's use of this theory in her response brief on appeal, offering no legal basis for its application in this case.
 {¶ 14} Attorney fees may be awarded pursuant to Civ. R. 30 and 45. A good portion of the parties' arguments centers on the issue of whether Drummer was a party or non-party witness. The Commission maintains, that, because Ms. Drummer was only a complainant who filed a discrimination charge per R.C. 4112.04 and 4112.05, she was not a party to the case filed by the Commission against Ms. Burch, and that therefore, she was a non-party witness of the Commission that had to be properly subpoenaed in order to compel her to attend her deposition. See Civ. R. 30(A); Civ. R. 45(E). The Commission maintains, that, because Ms. Burch's counsel failed to follow the procedure set forth in Civ. R. 30 and 45 and subpoena Drummer as a non-party witness, Ms. Burch cannot be awarded attorney's fees through a procedure her counsel did not follow. Ms. Burch responds that she was not required to issue a subpoena to compel Drummer to attend her deposition. Ms. Burch reasons that the Commission was negotiating a financial settlement on Drummer's behalf in the case, making her a real party in interest and thus an indispensable party. The Commission replies that Drummer is not a party because she is not listed on the complaint and no procedure was taken in the trial court to join her as a party to the suit.
 {¶ 15} However, it is unnecessary to discuss the issue of whether Drummer was in fact a party or non-party witness in this case, because the answer is of no consequence and immaterial to the issue of the Commission being taxed with the cost of Ms. Burch's attorney's fees. The Rules of Civil Procedure do not provide a basis for sanctioning the Commission, regardless of whether Drummer is a party witness or non-party witness. Civ. R. 30(A) provides that a party can compel a party deponent to attend a deposition by giving the party deponent notice of examination as provided in Civ. R. 30(B). Civ. R. 30(A) also provides that the attendance of a witness deponent, i.e., non-party witness, may be compelled by the use of subpoena per Civ. R. 45.
 {¶ 16} Civ. R. 37(D) provides that in the event a party deponent fails to attend his deposition, the court, upon motion and notice, may make an order regarding this failure. This Rule also states that in lieu of or in addition to such an order, the court must require the party deponent or his attorney to pay the reasonable expenses incurred by the failure to attend, including attorney's fees. Civ. R. 37(D). In the event anon-party witness fails to obey a subpoena and attend his deposition, Civ. R. 45(E) provides that a court may find the non-party witness in contempt of court, and additionally authorizes the court to order the non-party witness, or his attorney if he frivolously resisted the discovery, to pay the deposing party's reasonable costs and attorney's fees incurred. See, also, R.C. 2317.21.
 {¶ 17} Thus, if Drummer was a party to the action, the Rules allow the court to sanction her with payment of Ms. Burch's attorney's fees for failure to attend the deposition, or her attorney if she was represented. Alternatively, if Drummer was a non-party witness in this case, then the Rules allow the court to sanction her with attorney's fees as the non-party witness, or her attorney for frivolously resisting discovery. As the Commission does not fall into any categories of these persons, the magistrate was without authority to require the Commission to pay Ms. Burch's reasonable attorney's fees.
 {¶ 18} Based upon the foregoing, we must find that the magistrate abused his discretion in ordering the Commission to pay Ms. Burch $350.00 in attorney's fees, as this award is not sustainable under the law. We need not address the Commission's argument that the magistrate erred in granting attorney fees under a "reasonable reliance" theory, as that issue is now rendered moot by our conclusion. See Akron v. Crouse,
9th Dist. No. 21308, 2003-Ohio-4029, at ¶ 6, citing Boncek v. Stewart,
9th Dist. No. 21054, 2002-Ohio-5778, at ¶ 10.
 {¶ 19} The Commission's sole assignment of error is sustained, and the cause is remanded to the trial court for further proceedings consistent with this decision.
 III. {¶ 20} The Commission's sole assignment of error is sustained. The order of the Summit County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Whitmore, J., Concur.