[Cite as *Tiburzi v. Adience, Inc.*, 2012-Ohio-803.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96591**

## SILVANO TIBURZI, AS ADMINISTRATOR OF THE ESTATE OF MARLENE TIBURZI, ETC.

PLAINTIFFS-APPELLANTS

vs.

## ADIENCE, INC., F.K.A. BMI, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-685548

**BEFORE:**  Stewart, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  March 1, 2012

**ATTORNEYS FOR APPELLANTS**

Charles J. McLeigh
Diana Nickerson Jacobs
Goldberg, Persky & White, P.C.
1030 Fifth Avenue, 3rd Floor
Pittsburgh, PA    15219

John J. Duffy
John J. Duffy & Associates
Brendan Place
23823 Lorain Road, Suite 270
North Olmsted, OH    44070

**ATTORNEYS FOR APPELLEE JNO J. DISCH COMPANY**

Richard J. Disantis
Jeffrey W. Ruple
Buckley King, LPA
1400 Fifth Third Center
600 Superior Avenue
Cleveland, OH    44114

**ATTORNEYS FOR APPELLEES A.W. CHESTERTON COMPANY, AMERICAN OPTICAL CORPORATION, AND PNEUMO ABEX, LLC**

John P. Patterson
Jeffrey A. Healy
Karen E. Ross
Scott J. Wilcov
Christopher J. Caryl
Tucker Ellis & West, LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH    44115

**ATTORNEY FOR APPELLEE AHLSTROM PUMPS, LLC**

Barbara J. Arison
Frantz Ward, LLP
2500 Key Center
127 Public Square
Cleveland, OH   44114

**ATTORNEY FOR APPELLEE ALLIED GLOVE CORPORATION**

Stephen R. Mlinac
Swartz Campbell, LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA   15219

**ATTORNEY FOR APPELLEES ANCHOR PACKING COMPANY, GARLOCK SEALING TECHNOLOGIES, LLC, AND GREENE TWEED & COMPANY, INC.**

Matthew C. O'Connell
Sutter, O'Connell & Farchione
3600 Erieview Tower
1301 E. 9th Street
Cleveland, OH   44114

**ATTORNEYS FOR APPELLEES ARGO PACKING COMPANY, INC., ADIENCE, INC., BEAZER EAST, INC., GENTEX CORPORATION, GOULDS PUMPS, INC., IMO INDUSTRIES, INC., INGERSOLL RAND CORPORATION, AND THIEM CORPORATION**

Mark A. Greer
Daniel J. Michalec
Holly M. Olarczuk-Smith
Eric H. Mann
Gallagher Sharp
Bulkley Building - Sixth Floor
1501 Euclid Avenue
Cleveland, OH   44115

**ATTORNEY FOR APPELLEES CBS CORPORATION, FAIRMONT SUPPLY COMPANY, GENERAL ELECTRIC COMPANY, MALLINCKRODT GROUP, INC., AND OSRAM SYLVANIA, INC.**

Reginald S. Kramer
Oldham Kramer
195 South Main Street, Suite 300
Akron, OH    44308

**ATTORNEYS FOR APPELLEES CLARK INDUSTRIAL INSULATION, COMPANY, GUARD LINE, INC., HEDMAN RESOURCES, LTD., AND WHEELER PROTECTIVE APPAREL, INC.**

John A. Kristan
Matthew Reber
Robert N. Spinelli
Kelley Jasons McGowan Spinelli & Hanna, LLP
Two Liberty Place, Suite 1900
50 South 16th Street
Philadelphia, PA    19102

**ATTORNEY FOR APPELLEE CRANE COMPANY**

Nicholas P. Vari
K & L Gates, LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA    15222

**ATTORNEY FOR APPELLEE DEZURIK, INC.**

Michael D. Eagon
Dinsmore & Shohl, LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati,   OH   45202

**ATTORNEY FOR APPELLEE EATON CORPORATION**

Harry T. Quick
Brzytwa Quick & McCrystal, LLC
900 Skylight Office Tower
1660 West 2nd Street
Cleveland, OH    44113

**ATTORNEYS FOR APPELLEES EICHLEAY CORPORATION, INSUL COMPANY, INC., AND NITRO INDUSTRIAL COVERINGS**

Daniel Krauth
Joni M.Mangino
Zimmer Kunz
3300 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA    15219

**ATTORNEY FOR APPELLEE F.B. WRIGHT COMPANY OF PITTSBURGH**

Leo G. Daly
Grogan Graffam, P.C.
Four Gateway Center, 12th Floor
Pittsburgh, PA    15222

**ATTORNEY FOR APPELLEES GEORGE V. HAMILTON, INC. AND J.H. FRANCE REFRACTORIES, INC.**

Joseph D. Silvaggio
Willman & Silvaggio, LLP
One Corporate Center
5500 Corporate Drive, Suite 150
Pittsburgh, PA    15237

**ATTORNEYS FOR APPELLEES THE GOODYEAR TIRE & RUBBER COMPANY, DANA COMPANIES, LLC, FABRI-VALVE, FOSE COMPANY, INC., TRANE US, INC., AND TRECO CONSTRUCTION SERVICES, INC.**

Jonathan P. Corwin
Robert J. Krummen
Nina I. Webb-Lawton
Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH    43216-1008

**ATTORNEY FOR APPELLEES GUARD LINE, INC. AND WHEELER PROTECTIVE APPAREL, INC.**

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
726 Delmas Avenue
P.O. Box 1618
Pascagoula, MS    39568

**ATTORNEYS FOR APPELLEES HERSH PACKING & RUBBER COMPANY AND MVS COMPANY**

William D. Bonezzi
Kevin O. Kadlec
Bonezzi, Switzer, Murphy, Polito & Hupp Co., LPA
1300 East Ninth Street, Suite 1950
Cleveland, OH    44114

**ATTORNEY FOR APPELLEE I.U. NORTH AMERICA, INC.**

Edward D. Papp
Baker & Hostetler, LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH    44114

**ATTORNEYS FOR APPELLEES INDUSTRIAL FURNACE COMPANY AND SAGER CORPORATION**

Keith R. Huntzinger
Richard C. Polley
Piero P. Cozza
Dickie McCamey & Chilcote, PC
Two PPG Place, Suite 400
Pittsburgh, PA    15222

**ATTORNEY FOR APPELLEE JOHN CRANE, INC.**

Stephen H. Daniels
McMahon Degulis, LLP
812 Huron Road, East, Suite 650
Cleveland, OH    44115

**ATTORNEY FOR APPELLEE NL INDUSTRIES, INC.**

Timothy M. Fox
Ulmer & Berne, LLP
88 East Broad Street, Suite 1600
Columbus, OH    43215

**ATTORNEY FOR APPELLEE OGLEBAY NORTON COMPANY, INC.**

Stephen H. Daniels
McMahon DeGulis, LLP
812 Huron Road, East, Suite 650
Cleveland, OH 44115

**ATTORNEY FOR APPELLEE OHIO PIPE & SUPPLY COMPANY, INC**

Thomas R. Wolf
Reminger Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH    44308

**ATTORNEY FOR APPELLEE OHIO VALLEY INSULATING COMPANY**

Bruce P. Mandel
Ulmer & Berne, LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH   44113

**ATTORNEY FOR APPELLEE OWENS-ILLINOIS, INC.**

Barbara E. Machin
Bunda Stutz & Dewitt, PLL
3295 Levis Commons Blvd.
Perrysburg, OH   43551

**ATTORNEYS FOR APPELLEE REUNION INDUSTRIES, INC.**

Aaron M. Dorfzaun
Rawle & Henderson, LLP
The Henry W. Oliver Building
535 Smithfield Street, Suite 1000
Pittsburgh, PA   15222

Stephen M. Fowler
Pullin Fowler Flanagan, PLLC
The James Mark Building
901 Quarrier Street
Charleston, WV   25301

**ATTORNEY FOR APPELLEE SAFETY FIRST, INC.**

John A. Valenti
Kelley Jasons McGowan Spinelli Hanna and Reber, LLP
The Bradley Building, Suite 305
1220 West 6th Street
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE WILLIAM POWELL COMPANY**

Claudia B. Diaz
Litchfield Cavo, LLP
303 W. Madison, Suite 300
Chicago, IL    60606

Michael E. Smith
Frantz Ward, LLP
2500 Key Center
127 Public Suare
Cleveland, OH    44114

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Silvano Tiburzi, as administrator of the estate of Marlene Tiburzi and in his own right, appeals from the trial court's order granting defendant-appellee's Adience, Inc., f.k.a. BMI, et al., ("Adience")[1] motion to strike the physician's report and motion to administratively dismiss his case. Tiburzi claims that the Asbestos Reform Act does not empower a defendant to depose a competent medical authority for the purpose of challenging a plaintiff's prima facie showing that asbestos exposure was a substantial contributing factor to cancer. He complains that the striking of the physician's report and the administrative dismissal were inappropriate remedies after the doctor who authored the report failed to appear for a deposition. For the reasons that follow, we reverse and remand.

{¶2} On February 23, 2007, Marlene Tiburzi underwent a biopsy after Dr. Sushil Mehrotra identified a mass on her lung. Four days later she was diagnosed with cancer, and she died on April 26, 2007.

{¶3} Appellant filed his complaint on February 20, 2009, and claims that the decedent, after working at various sites in and around Ohio, was exposed to

---

[1] Defendant-appellee Adience, Incorporated, is one of 63 named defendants in this asbestos-related case alleging personal injury, wrongful death, loss of consortium, and a survival action.

asbestos-laden dust and fibers that allegedly caused her lung cancer, disability, and eventual death. On April 8, 2010, Adience moved the trial court to administratively dismiss the complaint for failure to submit the requisite prima facie evidence of physical impairment. On June 17, 2010, Tiburzi filed a memorandum in opposition and attached the report of Dr. Mehrotra, the decedent's treating physician, along with a laboratory report from 2007 stating that decedent's final diagnosis was "infiltrating poorly-differentiated carcinoma of lung."

{¶4} Adience sought to depose Dr. Mehrotra, and when not able to do so, filed a motion to strike and dismiss, which was granted by the trial court. This appeal followed.

{¶5} Tiburzi assigns two error for our review that will be discussed together. In his first assignment of error, he complains that the trial court erred when it granted Adience's motion to strike the report of Marlene Tiburzi's treating physician. He contends that striking the report, after the doctor failed to appear for a deposition, was an inappropriate sanction for a discovery violation when other options were available, and that in any event, R.C. 2307.93 does not allow for the deposition of a competent medical authority to challenge a plaintiff's prima facie showing of physical impairment under R.C. 2307.92. In his second assignment of error, Tiburzi argues that granting Adience's motion to administratively dismiss for failure to produce prima facie evidence of impairment was error.

{¶6} In 2004, Ohio's General Assembly enacted H.B. No. 292, codified at R.C. 2307.91 through 2307.98, to establish procedures and other criteria to expedite the

resolution of asbestos-related claims. Claimants alleging injury from exposure to asbestos, in addition to a complaint, must file the written report of a physician along with supporting test results pursuant to R.C. 2307.92(B), (C), or (D), to demonstrate prima facie evidence of physical impairment. R.C. 2307.93(A)(1) makes mandatory the filing of this evidence "within thirty days after filing the complaint."[2]

{¶7} R.C. 2307.92 provides for an ancillary proceeding for asbestos-related claims, and sets forth the minimum medical criteria that plaintiffs must demonstrate to make a prima facie showing and thus avoid administrative dismissal pursuant to R.C. 2307.93. *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 18. The provisions contained in R.C. 2307.92 and 2307.93 "do not relate to the rights and duties that give rise to [a] cause of action or otherwise make it more difficult for a claimant to succeed on the merits of a claim. Rather, they pertain to the machinery for carrying on a suit. They are therefore procedural in nature, not substantive." *Norfolk S. Ry. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio- 5248, 875 N.E.2d 919, ¶ 17. R.C. 2307.91 et seq. merely "establish[es] a procedural prioritization of the asbestos-related cases on the court's docket. Nothing more." *Id.* at ¶ 16.

{¶8} R.C. 2307.93(A)(1) states that a defendant

---

[2]While Tiburzi did not file his prima facie evidence within the mandated statutory time, Adience did not move to have the complaint administratively dismissed until more than one year after the expiration of the 30-day window for the plaintiff to file prima facie evidence. Nevertheless, it appears that the case being kept on the active docket was of no consequence.

shall be afforded a reasonable opportunity, upon the defendant's motion, to challenge the adequacy of the proffered prima-facie evidence of the physical impairment for failure to comply with the minimum requirements specified in division (B), (C), or (D) of section 2307.92 of the Revised Code. The defendant has one hundred twenty days from the date the specified type of prima-facie evidence is proffered to challenge the adequacy of that prima-facie evidence.

{¶9} The statute also provides that

[i]f the defendant in an action challenges the adequacy of the prima-facie evidence of the exposed person's physical impairment as provided in division (A)(1) of this section, the court shall determine from all of the evidence submitted whether the proffered prima-facie evidence meets the minimum requirements specified in division (B), (C), or (D) of section 2307.92 of the Revised Code. The court shall resolve the issue of whether the plaintiff has made the prima-facie showing required by division (B), (C), or (D) of section 2307.92 of the Revised Code by applying the standard for resolving a motion for summary judgment." R.C. 2307.93(B). If the court finds that a plaintiff fails to make a prima facie showing, then it must "administratively dismiss the plaintiff's claim.

R.C. 2307.93(C).

{¶10} When Adience moved the court to administratively dismiss this case for failure to file prima facie evidence of impairment within the statutory time frame, the case had been pending for over a year. In response to the motion to administratively dismiss, Tiburzi submitted the report of Dr. Mehrotra as prima facie evidence.

{¶11} Although R.C. 2307.93(A)(1) specifies a 30-day window for a plaintiff to file prima facie evidence after a complaint has been filed, this time requirement has not, in every instance, been strictly construed. *See Riedel v. Consol. Rail Corp.*, 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶ 3, where, after the defendant moved for an administrative dismissal for failure to make the preliminary prima facie showing required

by R.C. 2307.92(A)(1), the trial court ordered the plaintiff to make the required showing. Only after finding the "evidence insufficient to establish a prima facie case," did the court grant the motion for administrative dismissal. *Id.*

{¶12} Adience filed a motion to take the deposition, and to compel production of documents, of non-party witness Dr. Mehrotra, a resident of West Virginia. In its motion, Adience noted that Dr. Mehrotra had "executed an affidavit in this action which purports to support [p]laintiff's claims, [and also] possess[ed] medical records and other documents which [were] necessary and material to the * * * case." The trial court granted the motion.

{¶13} In response, Tiburzi filed a motion to set aside the discovery motion and requested a hearing concerning the same. As grounds for his motion, Tiburzi relied upon a prior opinion, issued by the trial court in another case, stating that the statutory procedure affiliated with asbestos-related claims "does not provide for the discovery deposition of doctors who sign affidavits in compliance with the statute [and that] * * * defendants can then depose the doctors who signed the affidavits at the appropriate time per this court's case management order."

{¶14} A hearing was held where Tiburzi argued that the court's scheduling order does not permit Adience to depose the physician who wrote the report to determine the adequacy of the plaintiff's prima facie evidence. Conversely, Adience argued that the case management order was in place and discovery had begun and was ongoing at that particular stage of the litigation. Adience pointed out that the case had been grouped

with other cases for trial prior to Tiburzi's filing of his prima facie evidence, and as a result, the time periods for discovery and the 120-day window to challenge the adequacy of the prima facie evidence were conflated.  The court stated that the case "has been proceeding, has been grouped, proceeding in discovery," and issued an order granting the commission to take Mehrotra's deposition without limitations.

{¶15} Adience filed a notice to take deposition duces tecum of Dr. Mehrotra in Wheeling, West Virginia, and set a date for the same.  At first, Adience     repeatedly attempted to arrange with Tiburzi a convenient date to hold Dr. Mehrotra's deposition, but was unsuccessful in doing so.   Adience then hand delivered a letter to Dr. Mehrotra informing him of the scheduled date of the deposition, and invited him to contact Adience to schedule a mutually convenient time if the proposed arrangements did not work for him.   Finally, Adience used an attorney licensed in West Virginia to issue a subpoena commanding Mehrotra to appear for the deposition.  On the date of the scheduled deposition, Adience's counsel and counsel for Tiburzi appeared, but Mehrotra did not.

{¶16} Adience filed a motion to strike the physician's report and to preclude Mehrotra's testimony in the case, Tiburzi filed a memorandum in opposition to the motion, and Adience filed a reply in support of the motion. The court heard oral arguments and issued an order and final judgment entry granting defendant's motion to strike the physician's report and also ordered that "[p]laintiff's case is administratively dismissed pursuant to R.C. 2307.92 and 2307.93."

{¶17} The trial court's grant of a motion to strike is within the sound discretion of the court and will not be overturned unless the court abuses its discretion. *Early v. Toledo Blade*, 130 Ohio App.3d 302, 318, 720 N.E.2d 107 (6th Dist.1998). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} Loc.R. 16.0(A) of the Cuyahoga County Common Pleas Court addresses asbestos litigation special provisions and provides that "[i]n an action involving any allegation for injury or death arising from exposure to asbestos, the rules of civil procedure governing a civil action shall apply * * *." "The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996). "Civ.R. 37 authorizes the court to make 'just' orders in response to violations of the discovery rules or court orders." *Laubscher v. Branthoover*, 68 Ohio App.3d 375, 381, 588 N.E.2d 290 (11th Dist.1991).

{¶19} Adience moved the court to strike the physician's report due to the failure of a non-party witness, Dr. Mehrotra, to make himself available to be deposed. A transcript made of the deposition attempt reveals that counsel for Adience contacted the trial court by telephone and informed it that "we have [ten] people here * * * and we would like to move actually to strike the physician's report in this case because the doctor refused to show."

**{¶20}** There is no "rule under which a party may be sanctioned for failing to produce a non-party witness for deposition, [presumably because] it is arbitrary and unreasonable to require a party to provide a non-party witness for deposition [because] the party has no control over another person." *Lowe v. Univ. Hosps. of Cleveland*, 8th Dist. No. 80341, 2002-Ohio-4084, 2002 WL 1823027, ¶ 23.

> In the event a non-party witness fails to obey a subpoena and attend his deposition, Civ.R. 45(E) provides that a court may find the non-party witness in contempt of court, and additionally authorizes the court to order the non-party witness, or his attorney if he frivolously resisted the discovery, to pay the deposing party's reasonable costs and attorney's fees incurred.

*Ohio Civ. Rights Comm. v. Burch*, 9th Dist. No. 22185, 2005-Ohio-259, 2005 WL 161173, ¶ 16.

**{¶21}** Furthermore,

> "[i]f any * * * person designated * * * to testify on behalf of a party fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, [including] * * * [a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party * * *.

Civ.R. 37(B)(2)(c). However, before sanctions can be imposed, a party requesting the sanction must comply with the requirements contained in the civil rules.

**{¶22}** In *Randle v. Gordon*, 8th Dist. No. 52961, 1987 WL 19275 (Oct. 29, 1987), a non-party witness failed to appear for a scheduled deposition. As a discovery sanction, the trial court would not permit the witness to testify at trial. The appellant claimed

that the court erred in excluding the testimony because the appellee had not complied with the proper discovery procedure to compel the attendence of the witness.   This court pointed out that the proper procedure to be followed is to first issue a subpoena.   Then,

> the appellee [is] * * * required to compel the attendance of the witness at a deposition vis-a-vis a motion to compel pursuant to Civ.R. 37.   The imposition of sanctions pursuant to Civ.R. 37 [is] not available unless the appellee specifically applie[s] to the court vis-a-vis a motion to compel. The failure of the appellee to avail himself of the proper discovery procedure to require [the non-party witness] to appear for deposition cannot be used to invoke the sanctions imposed by the civil rules.

*Id.* at 3.

{¶23} In the instant case, the record reflects that, although Adience subpoenaed Dr. Mehrotra, it did not petition the court, pursuant to Civ.R. 37(A), for an order compelling his appearance to be deposed.   The granting of a motion to strike as a discovery sanction can only occur if a party or designated person is in default of an order by the trial court.   Civ.R. 37(B).   And if a party or designated person   is in default of such an order, "the court in which the action is pending may make such orders in regard to the failure as are just," including taking designated facts to be established, prohibiting the introduction of designated matters into evidence, striking out pleadings, default judgment, and reasonable costs and attorney fees.   Civ.R. 37(B)(2)(a),(b),(c), and (e). While the trial court has wide latitude in fashioning appropriate sanctions when its discovery orders are violated, striking the physician's report was inappropriate to nullify a prima facie procedural showing necessary to maintain an asbestos-related claim.   We

find that the court abused its discretion in granting defendant's motion to strike the physician's report.

{¶24} In addition to our finding that the trial court erred in striking the report and administratively dismissing the complaint for this reason, the record reflects also that Adience did not challenge the adequacy of Tiburzi's prima facie evidence by motion. Adience's arguments at the hearing on the motion for issuance of commission to take Mehrotra's deposition are premised upon its need to gather evidence for the purpose of challenging the adequacy of the proffered prima facie evidence. However, while Adience is critical of the proffered evidence as being "boilerplate" and deficient in other respects, it nevertheless failed to substantively challenge the adequacy of the evidence and/or the trial court did not undertake such an analysis.

{¶25} The statutory language contained in R.C. 2307.93(A)(1) is unequivocal in its requirement that a challenge to the adequacy of proffered prima facie evidence must occur "upon the defendant's motion." Moreover, a court's determination of whether minimum statutory requirements are in fact met by the proffered prima facie evidence can only occur "[i]f the defendant in an action challenges the adequacy of the prima-facie evidence of the exposed person's physical impairment as provided in division (A)(1) of this section." R.C. 2307.93(B).

{¶26} Tiburzi's first and second assignments of error are sustained.

{¶27} This case is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellants recover from appellees their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY