[Cite as *In re J.M.*, 2025-Ohio-1455.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

IN RE J.M.

[Appeal by C.M.]

:
:
:

No. 114192

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 24, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR10712382

---

***Appearances:***

C.M., *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Father-appellant ("Father"), pro se, appeals the juvenile court's judgment regarding his motion to modify child support he receives from Mother.[1] He raises the following assignments of error for review:

> **Assignment of Error I:** The trial court erred in adopting the magistrate's failure to enforce [Mother's] admissions under [Civ.R. 36].

---

[1] We note that appellee Office of Child Support Services ("OCSS") elected to forego the filing of an answer brief and participating in oral argument.

**Assignment of Error II:**  The trial court abused its discretion by adopting the magistrate's decision not to impose sanctions for [Mother's] discovery violations.

**Assignment of Error III:**  The trial court erred in adopting the magistrate's incorrect calculation of child support based on an incorrect income figure.

**Assignment of Error IV:**  The trial court erred in adopting the magistrate's decision to continue applying an inappropriate parenting time credit.

**Assignment of Error V:**  The trial court erred in adopting the magistrate's failure to retroactively apply the child support increase to the filing date of the motion.

{¶ 2}  For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3}  Father and Mother share a child, who was 14 years old at the time these proceedings were initiated by Father.  In November 2023, Father filed a pro se motion to modify child support.  At the time of the motion, Mother was obligated, pursuant to a 2016 order, to pay child support to Father in the amount of $0/month, plus a 2 percent processing fee and $24.50/month for cash medical.  According to Father, a significant change in circumstance occurred that affected the child support order.  Father claimed that, at the time, he was unemployed and has experienced a significant decline in income since the 2016 support order where he agreed to a deviation of $0/month from Mother.

{¶ 4}  During the course of the proceedings, Father served discovery on Mother, who was pro se, including interrogatories, requests for production of documents, and requests for admission.  Mother did not reply to any of Father's

discovery requests.  Consequently, Father filed a "motion for deeming admitted truth of facts and genuineness of documents and imposing monetary sanctions" because of Mother's lack of response to his requests.

{¶ 5} On March 7, 2024, the court held a pretrial hearing, at which Father, Mother, and counsel for OCSS were present.  Father raised the discovery issue at the hearing, noting that Mother "hasn't responded to anything[.]"  (Tr. 8.)  Mother responded that she "disagree[s] with everything that was in [Father's] paperwork." (Tr. 9.)  The court then addressed Mother and Father, and they both agreed that to resolve this issue, the court would issue a journal entry listing all the documents needed to recalculate the child support order and Mother and Father would submit the documents to the court via email.  Mother and Father were also to bring a photocopy of these documents to exchange prior to start of the May 2, 2024 trial.  In the corresponding journal entry, the court ordered each party to bring the following:

A. Complete copies of your federal income tax return and all attachments for the last three (3) calendar years;

B. All of your W-2s for the last calendar year; and proof of all income sources;

C. Three (3) of your consecutive pay stubs within (60) days of the next hearing;

D. Proof of your private health insurance premiums for this year, who is covered and the cost of the individual and family plan for the employee and family members enrolled;

E. Proof of any of your other minor dependents living in your home[;]

F. [OCSS] certified copy of a printout for the past 12 months of all child support paid for minor child(ren) in other cases and a copy of the child support order;

. . .

I.  Proof of SSI or SSD benefits if you are receiving Social Security benefits;

J.  Proof of your disability from your treating doctor.

(Pretrial Order Continuance, Mar. 8, 2024.)

{¶ 6}  Prior to the start of the May 2024 trial, the court addressed discovery. Father indicated that he does not have any tax returns, but submitted a financial statement, social security statements, and disability letter via email.  Mother indicated that she has not filed taxes in the last three years, but brought her last three W-2s.  Mother indicated that she was not going to be submitting these documents for the court to consider.  The court then advised Father, "[I]f you have a document you would like to use, you're going to give [Mother] an opportunity to look at it, the Prosecutor an opportunity to look at it, and then I'll accept it." (Tr. 15.)

{¶ 7}  In response to Father's concern with Mother's lack of cooperation with his discovery requests, the court replied:

> A lot of questions in [your interrogatories] are questions that will be asked during trial.
>
> The Court has more of an interest in hearing the case as the facts are presented, not based on whether or not granting — I'd rather hear the facts presented to the Court as opposed to saying everything you listed in here is deemed true.
>
> I want to hear from the parties and then be able to make a decision because you're asking for the support order to be modified.
>
> Well, I need to hear the full facts from the parties as they're presented to the Court to be able to make that determination.
>
> I'm the one who has to calculate this order, so I want to hear the merits of the case.

(Tr. 8.) The court then proceeded with the trial, at which the following evidence was adduced.

{¶ 8} Essentially, Father argued that the $0/month deviation is no longer appropriate income that should be imputed to Mother. He also argued that Mother should not get credit for the overnight stays she does not exercise. Father stated that he has three other children and pays child support for two. Mother testified that she has one other child, who lives with her full-time. She does not receive any child support for this child. According to Mother, she started her current job in June 2023, works 40 hours/week, and earns $17/hour. Father testified that social security is his only source of income.[2] According to Father, the child is ineligible to receive any social security benefits based on his disability, but receives food and medical benefits from Cuyahoga County. Father further testified that the child has extraordinary medical needs for his "weight issue" and the child is homeschooled. (Tr. 69.)

{¶ 9} Following the trial, the magistrate issued a decision granting Father's motion to modify support, finding a substantial change in circumstance. The court found that Father receives $612/month in Social Security benefits, Mother works full-time, and imputed Mother's income at minimum wage. The court ordered that Mother shall pay, effective May 2, 2024, $117.71/month, plus a 2 percent processing fee, and cash medical support of $23.39/month. The court also granted Father's

---

[2] Father did not testify as to effective date of his benefits, but in his November 2023 affidavit of financial statement, he stated that he has been unemployed for over a year.

motion to waive filing fees due to his indigency status and affidavit of financial statement. The court denied Father's motion for deeming admitted truth of facts and genuineness of documents and imposing monetary sanctions.

{¶ 10} Father objected to the magistrate's decision, arguing that the court miscalculated the child support order, erred in denying his discovery violation motion, and erred in not retroactively imposing the order to when the matter was in administrative review in 2022. On July 12, 2024, the trial court overruled Father's objections and adopted the magistrate's decision in its entirety.

{¶ 11} It is from this order that Father now appeals, raising five assignments of error for review.

## II. Law and Analysis

{¶ 12} Within Father's five assignments of error, he challenges the juvenile court's rulings on discovery issues and the modified child support order. For ease of discussion, we will address Father's related arguments together.[3]

### A. Discovery Issues

{¶ 13} In the first and second assignments of error, Father argues the juvenile court erred by failing to enforce Mother's admissions under Civ.R. 36 and

---

[3] We note that under App.R. 16(A)(7), the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions[.]" And although Father filed his appellate brief pro se, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. *Nunn v. Mitchell*, 2023-Ohio-2484, ¶ 7 (8th Dist.), citing *Heller v. Ohio Dept. of Jobs & Family Servs.*, 2010-Ohio-517 (8th Dist.), citing *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209 (1st Dist. 1981), citing *Dawson v. Pauline Homes, Inc.*, 107 Ohio App. 90 (10th Dist. 1958).

by not imposing sanctions against Mother for her discovery violations as set forth in Civ.R. 37.

### 1. Civ.R. 36

**{¶ 14}** Father argues the court erred by not deeming his requests for admission admitted.

**{¶ 15}** Under Civ.R. 36(A), a party to a lawsuit may serve written requests for admission on the opposing party. The receiving party must answer or object to the requests within 28 days after the requests are served or else the requests are deemed admitted, unless the court modifies the timeframe. Civ.R. 36(A)(1).

**{¶ 16}** "[W]here a party fails to timely respond to the requests for admissions, those admissions become fact." *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, ¶ 15 (8th Dist.), citing *Smallwood v. Shiflet*, 2016-Ohio-7887, ¶ 18 (8th Dist.). Therefore, if the requests are not timely answered, they are automatically admitted and recognized by the trial court unless a party moves to withdraw or amend its admissions under Civ.R. 36(B). With that said, however, the trial court has discretion — upon motion by a party — to permit the withdrawal or amendment of Civ.R. 36(A) admissions. Civ.R. 36(B); *Bayview* at ¶ 16. Civ.R. 36 does not specify that a motion is required or when the motion must be filed. *Caldwell v. Custom Craft Builders, Inc.*, 2021-Ohio-4173, ¶ 36 (8th Dist.), citing *Balson v. Dodds*, 62 Ohio St.2d 287, 290, fn. 2 (1980).

**{¶ 17}** We note that courts "have accepted — absent a written or oral motion to withdraw — various challenges to the truth of an admission as implicit motions

to withdraw." *Id.*, citing *Ezzo v. Ezzo*, 2019-Ohio-2395, ¶ 29 (11th Dist.); *Balson* at 290, fn. 2 (contesting the truth of admissions serves as evidence of a motion to withdraw the admissions); *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, ¶ 17 (8th Dist.) (a party's response to a motion to declare admissions admitted and simultaneously filing an answer to the requests for admissions act as a motion to withdraw); and *Haskett v. Haskett*, 2013-Ohio-145, ¶ 25 (11th Dist.) (challenging the truth of the admissions during trial proceedings represents a motion to withdraw). In *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66 (1985), the Ohio Supreme Court explained that a trial court

> may permit the withdrawal [to requests for admissions] if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. *Balson v. Dodds*, 62 Ohio St. 2d 287 [16 O.O.3d 329, 405 N.E.2d 293] (1980), paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

*Id.* at 67.

{¶ 18} Indeed, a trial court has complete discretion concerning discovery matters. *JP Morgan Chase Bank v. Stevens*, 2017-Ohio-7165, ¶ 17 (8th Dist.), citing *6750 BMS* at ¶ 18 (8th Dist.), citing *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998). Thus, a trial court's discovery decisions, including the acceptance of a party's withdrawal of Civ.R. 36(A) admissions, will not be disturbed on appeal unless there is an abuse of discretion. *Bayview* at ¶ 20; *Caldwell* at ¶ 38. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way,

in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. Under the facts in this case, we cannot say the court abused its discretion.

**{¶ 19}** Here, a review of the docket indicates Father sent Mother discovery requests, including requests for admissions. At the March 7, 2024 pretrial hearing, Father advised the court that Mother had not responded to any of his discovery requests. Mother replied that she "disagree[d] with everything that was in [Father's] paperwork." (Tr. 9.) The court then devised a resolution to the discovery issue whereby the parties would submit via email all the documents needed to recalculate the child support order as indicated in the court's journal entry, and Mother and Father were to bring a photocopy of these documents to exchange prior to the May 2024 trial. At trial, Mother indicated that she did not file any tax returns and did not have any documents to submit to the court. Father also indicated that he did not file any tax returns and submitted his financial statement, social security statements, and disability letter. The court addressed the discovery issue, advising Father that

> [t]he Court has more of an interest in hearing the case as the facts are presented, not based on whether or not granting — I'd rather hear the facts presented to the Court as opposed to saying everything you listed in here is deemed true.
>
> I want to hear from the parties and then be able to make a decision because you're asking for the support order to be modified.
>
> Well, I need to hear the full facts from the parties as they're presented to the Court to be able to make that determination.

I'm the one who has to calculate this order, so I want to hear the merits of the case.

(Tr. 8.)

{¶ 20} We find that Mother's challenge to the truth of Father's admissions during the pretrial proceedings and both Father and Mother's acquiescence to the court's resolution to the discovery issue effectively served as a motion to withdraw the admissions under Civ.R. 36(A). Moreover, it was within the court's discretion to permit the withdrawal in order to resolve the action on its merits, which did not operate to Father's prejudice. *See Cleveland Trust Co.*; *Balson*.

{¶ 21} Therefore, the first assignment of error is overruled.

### 2. Civ.R. 37

{¶ 22} Father next argues that the court erred by failing to impose sanctions for discovery violations under Civ.R. 37(A)(1), which provides that a party may move for an order compelling discovery from another party who has failed to respond in full to formal discovery requests. Civ.R. 37(B) "authorizes the court to make 'just' orders in response to violations of the discovery rules or court orders." *State ex rel. Dewine v. ARCO Recycling, Inc.*, 2022-Ohio-1758, ¶ 54 (8th Dist.), citing *Laubscher v. Branthoover*, 68 Ohio App.3d 375, 381 (11th Dist.1991). "A court's determination to impose a discovery sanction will not be reversed on appeal unless the trial court abused its discretion." *Id.*, citing *Fone v. Ford Motor Co.*, 128 Ohio App.3d 492 (8th Dist. 1998); *Cunningham v. Garruto*, 101 Ohio App.3d 656 (3d Dist.1995); *Fiorini v. Whiston*, 92 Ohio App.3d 419 (1st Dist. 1993).

{¶ 23} A review of the record in the instant case reveals that the court addressed the discovery issues and proceeded to hear the matter on its merits. In addition, Father never filed a motion to compel discovery. We note that "'[t]he imposition of sanctions pursuant to Civ.R. 37 [is] not available unless the [party] specifically applie[s] to the court vis-a-vis a motion to compel.'" *Tiburzi v. Adience, Inc.*, 2012-Ohio-803, ¶ 22 (8th Dist.), quoting *Randle v. Gordon*, 1987 Ohio App. LEXIS 9432, *3 (8th Dist. Oct. 29, 1987). Thus, based on the foregoing, we find no abuse of discretion by the court.

{¶ 24} The second assignment of error is overruled.

**B. Child Support Order**

{¶ 25} In Father's third, fourth, and fifth assignments of error, he argues that the court erred in the three following ways: by basing the child support order on an incorrect income figure; by applying an inappropriate parenting time credit; and by failing to retroactively apply the child support increase to either August 2022 or August 2023, when Father claims the administrative review of the child support order occurred.

{¶ 26} Generally, we review matters concerning child support under an abuse-of-discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).

**1. Income Calculation**

{¶ 27} Father first argues that the court erred by not basing the child support calculation on Mother's annual income at $52,000, which Father claims Mother deemed admitted based on his requests for admission. As discussed above,

however, the court declined to find Father's requests for admission to be deemed admitted and we likewise reject Father's request to find that Mother's income was $52,000. Father has not requested an alternate income for Mother, and "'it is not this court's duty to root it out.'" *Siemientkowski v. State Farm Ins. Co.*, 2005-Ohio-4295, ¶ 23 (8th Dist.), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028 (9th Dist. May 6, 1998). ("'If an argument exists that can support appellant's assigned error, it is not this court's duty to root it out.'").

{¶ 28} "'[W]hen considering a motion to modify a child support order, [under R.C. 3119.79(A),] the trial court must recalculate the amount of support required to be paid pursuant to the statutory child support guideline schedule and the applicable worksheet using the parties' updated financial information.'" *Baxter v. Thomas*, 2015-Ohio-2148, ¶ 22 (8th Dist.), quoting *Bonner v. Bonner*, 2005-Ohio-6173, ¶ 10 (3d Dist.). Furthermore, a deviation of ten percent in the amount to be paid between the original support order and the recalculated amount "shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount." R.C. 3119.79(A).

{¶ 29} "'There is a rebuttable presumption that the annual obligation calculated using the child support worksheet is the amount of child support that should be awarded.'" *Baxter* at ¶ 40, quoting *Irish v. Irish*, 2011-Ohio-3111, ¶ 16 (9th Dist.), citing R.C. 3119.03 and *Marker v. Grimm*, 65 Ohio St.3d 139 (1992). The party who seeks to rebut the presumption has the burden of proof and must provide facts from which the court can determine that the actual annual obligation is unjust

or inappropriate and would not be in the children's best interest. *Baxter* at ¶ 40, citing *Murray v. Murray*, 128 Ohio App.3d 662, 671 (12th Dist. 1999).

{¶ 30} A review of the court's journal entry demonstrates that the court used the child support computation worksheet to arrive at its modified support amount. The court imputed Mother's annual income at minimum wage and listed Father's annual income as $0. The court found a substantial change in circumstance as set forth in R.C. 3119.79 because there was a ten percent change in the amount to be paid between the original support order and the recalculated amount. As a result, the court modified the support order of $0/month, plus $24.50/month for cash medical to $117/month, plus $32.39/month for cash medical support. The court found that this modification would be in the child's best interests. The court based its findings "upon all the evidence presented at these proceedings, including but not limited to: stipulations, made in open court by the parties; sworn testimony submitted at these proceedings; [and] the guideline worksheet[.]" (Journal entry, July 12, 2024.)

{¶ 31} Furthermore, in light of our finding that Father's requests for admissions were not deemed admitted, we also find that Father has put forth no other evidence to demonstrate why the court's income calculations are unjust or inappropriate, and therefore fails to meet his burden to rebut the presumption that the calculations reflect the correct amounts to be awarded. *Baxter* at ¶ 40, citing *Murray*. Thus, based on the foregoing, we find that the juvenile court did not abuse

its discretion in imputing Mother's income at minimum wage and finding Father's income at $0.

{¶ 32} The third assignment of error is overruled.

**2. Parenting Time Credit**

{¶ 33} Father next argues that the court erred when it applied the ten percent parenting time credit to Mother even though she "voluntarily" forfeited her parenting time.

{¶ 34} According to R.C. 3119.051(A), "[e]xcept as otherwise provided in this section, a court or child support enforcement agency calculating the amount to be paid under a child support order shall reduce by ten percent the amount of the annual individual support obligation for the parent or parents when a court has issued or is issuing a court-ordered parenting time order that equals or exceeds ninety overnights per year. This reduction may be in addition to the other deviations and reductions."

{¶ 35} Here, line 19(a) of the child support worksheet indicates that Mother has parenting time under a court order that equals or exceeds 90 overnight visitations per year. Line 19(b) lists a ten percent reduction for Mother in the amount of $156.95. Father contends that this is an unfair reduction in Mother's child support obligation because Mother has credit "for time she didn't take." (Tr. 24.) At trial, however, Mother disputed Father's allegations. (Tr. 21-22.) The court advised Father that it was "going to read [the parenting time] order entirely,

and if that order meets the certain threshold that's in the law," then it will check the box on the child support "worksheet that says yes." (Tr. 22, 24.)

{¶ 36} R.C. 3119.051 charges the court to reduce by ten percent the amount of the annual individual support obligation for the parent when the parenting time order equals or exceeds ninety overnights per year. Based on the record, it appears the parenting plan submitted to the court indicates that Mother's parenting time exceeds 90 overnights per year. Without any evidence to substantiate Mother's lack of 90 overnights per year, we cannot find that the court abused its discretion.

{¶ 37} Therefore, the fourth assignment of error is overruled.

### 3. Retroactive Modification

{¶ 38} Father also argues that the court erred by not retroactively modifying the child support modification to either August 2022 or 2023 when Father claims the child support order was in administrative review.

{¶ 39} We note that, in general, "'parties to a child support modification order are entitled to have the order relate back to the date upon which the motion for modification was filed, as "any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations."'" *Baxter* at ¶ 36, quoting *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 420 (9th Dist. 1990), quoting *Murphy v. Murphy*, 13 Ohio App.3d 388 (10th Dist. 1984). In the event of special circumstances, however, the trial court does not abuse its discretion in selecting a date that coincided with an event of significance in relation to the grounds for the modification that was ordered.

*Id.*, citing *In re P.J.H.*, 2011-Ohio-5970 (2d Dist.); *Bell v. Bell*, 2010-Ohio-5276 (2d Dist.).

{¶ 40} Here, while the court granted Father's motion to modify child support, its decision was based upon the increase in Mother's income and Father's lack of income, which changed from the time of the original support order in 2016. Mother began her current employment in 2023, and in Father's November 2023 affidavit of financial statement, he stated that he has been unemployed for over a year. The court found it "equitable to start the increase in the child support effective today, May 2, 2024." (Journal entry, July 12, 2024.) Accordingly, we find that the court did not abuse its discretion in applying the increase in child support retroactive to the trial date rather than the August 2022 or 2023 dates as Father contends.

{¶ 41} The fifth assignment of error is overruled.

{¶ 42} Therefore, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR