JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Consolidated Rail Corporation, American Premier Underwriters, Inc., and Norfolk Southern Railway Corporation (collectively, "the Railroads"), have appealed the decision of the Cuyahoga County Court of Common Pleas, which administratively dismissed the asbestosis claims of plaintiffs-appellees, Jack E. Riedel, Danny Six, and Josephine Weldy as representative of the estate of Jack Weldy (collectively "Plaintiffs"), and severed the remaining claims. For the reasons that follow, we affirm.
 {¶ 2} Plaintiffs filed occupational disease claims under the Federal Employers' Liability Act ("FELA") and the Locomotive Inspection Act ("LIA") against the Railroads. Plaintiffs alleged various pulmonary injuries, which occurred as a result of their occupational exposure to various toxic substances. The first cause of action related to exposure to asbestos; the second, exposure to diesel locomotive exhaust; the third, exposure to sand and silica; the fourth, exposure to solvents and other toxic substances; the fifth, aggravation of pre-existing conditions; and the sixth, negligent assignment. In addition, Josephine Weldy made a wrongful death claim for her husband, Jack Weldy, based on his Chronic Obstructive Pulmonary Disease and his occupational exposure to diesel exhaust. Under each cause of action, Plaintiffs alleged injuries that included "pneumonconiosis, asbestosis, pleural disease, restrictive lung disease, obstructive lung disease, emphysema, asthma, reactive airway disease," fear of cancer, and lost wages. *Page 4 
 {¶ 3} The trial court required that plaintiffs make a prima facie showing in accordance with R.C. 2307.92(B) as to their asbestos-related claims or stand to have the asbestos claims administratively dismissed. Plaintiffs offered evidence to make their prima facie case, which evidence was challenged by the Railroads. The trial court granted the Railroads' motion for administrative dismissal as to the asbestos-related claims, but severed the remaining claims pertaining to substances other than asbestos.
 {¶ 4} The Railroads appeal, asserting that the trial court erred in ruling that the administrative dismissal provisions of H.B. 292 (R.C. 2307.93) did not apply to the non-asbestos claims, and in permitting the non-asbestos claims to be severed. The Railroads claim that the court should have administratively dismissed all the claims pursuant to R.C. 2307.93(C).
 {¶ 5} Since this case requires statutory interpretation, which is a question of law, we review the case de novo. State ex rel. City ofCleveland v. Cornell, Cuyahoga App. No. 84679, 2005-Ohio-1977. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we cannot resort to the rules of statutory interpretation. Ohio Dental Hygienists Assn. v. Ohio State DentalBd. (1986), 21 Ohio St.3d 21. An unambiguous statute is to be applied, not interpreted. Id.
 {¶ 6} R.C. 2307.93(C) states that "The court shall administratively dismiss the plaintiff's claim without prejudice upon a finding of failure to make the prima-facie showing required by division (B), (C), or (D) of section 2307.92 of the *Page 5 
Revised Code." R.C. 2307.92 sets forth the minimum medical requirements for a tort action alleging asbestos claims. To maintain a tort action for an asbestos-related claim, a claimant must make a prima facie showing that the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition. R.C. 2307.92 requires a prima facie showing specifically for nonmalignant conditions under subsection (B), lung cancer in a "smoker" under subsection (C), and wrongful death claims under subsection (D), but explicitly exempts claims for mesothelioma under subsection (E) from a prima facie showing.
 {¶ 7} The Railroads argue that non-asbestos claims, joined in the same action, must comply with R.C. 2307.91, et seq., or be administratively dismissed. We disagree. The statute is clear that R.C. 2307.91, et seq., applies only to asbestos-related claims.
 {¶ 8} In Wagner v. Anchor Packing Co., Lawrence App. No. 05CA47,2006-Ohio-7097, the claimant had colon cancer and the court found that the prima facie requirements of R.C. 2307.92 do not apply to "other cancer" claimants. The court reasoned that nothing in the statute explicitly applies to colon cancer, that the statute explicitly requires only three types of plaintiffs to present a prima facie showing, and that colon cancer is not one of them. Further, the court pointed out that the draft of R.C. 2307.92 included a provision for other cancers; however, that provision did not make it into the final draft. The court stated that "while the General Assembly may *Page 6 
well have intended all asbestos-related cancer claims to be subject to the new legislation, that intent is not clearly expressed in the statute."
 {¶ 9} The Wagner court also held that the trial court should not have used the "competent medical authority" definition contained in R.C. 2307.91(Z) to determine whether a cause of action accrued under R.C. 2305.10 because, again, the definition is limited to establishing a prima facie case for the specific causes of action delineated in R.C. 2307.92.
 {¶ 10} Likewise in Nichols v. A. W. Chesterton Co.,172 Ohio App.3d 735, 2007-Ohio-3828, the court concluded that "If the General Assembly had intended for the definition of `competent medical authority' to apply to R.C. 2305.10(B)(5) in all asbestos cases, the legislature could have easily said so. Because the General Assembly did not, it is apparent that the definition of `competent medical authority' contained in R.C. 2307.91(Z) applies merely to those medical doctors who provide a diagnosis for purposes of establishing prima facie evidence of an exposed person's physical impairment that meets the requirements of R.C. 2307.92."
 {¶ 11} Then in Penn v. A-Best Products Co., Franklin App. Nos. 07AP-404, 07AP-405, 07AP-406, 07AP-407, 2007-Ohio-7145, the Tenth District stated that "A plain reading of R.C 2307.92 indicates that only those types of cases explicitly specified must demonstrate a prima facie case." The court found that R.C. 2307.92 imposes no burden to present a prima facie case on a nonsmoker with lung cancer.
 {¶ 12} As stated previously, R.C. 2307.93(C) states that "The court shall administratively dismiss the plaintiff's claim without prejudice upon a finding of failure *Page 7 
to make the prima-facie showing required by division (B), (C), or (D) of section 2307.92 of the Revised Code." R.C. 2307.92(B), (C), and (D) require a plaintiff to present a prima facie case when alleging an asbestos-related claim for nonmalignancies, lung cancer in a smoker, and wrongful death.
 {¶ 13} The administrative dismissal provision is limited to the asbestos-related claims that are specified in R.C. 2307.92. The legislature could have allowed the court to administratively dismiss the entire tort action, but chose to limit R.C. 2307.93(C) to asbestos-related nonmalignancy claims, lung cancer claims in a smoker, and wrongful death claims.
 {¶ 14} Although plaintiffs allege numerous nonmalignant conditions, which are defined as conditions that are caused or may be caused by asbestos other than a diagnosed cancer, plaintiffs could not set forth a prima facie showing that these conditions were substantially caused by exposure to asbestos. However, these same conditions (except asbestosis) may be caused by other substances. Therefore, those claims remain because "[a] plain reading of R.C. 2307.92 indicates that only those types of cases explicitly specified must demonstrate a prima facie case." Penn, supra.
 {¶ 15} Plaintiffs properly joined their asbestos-related claims with their non-asbestos-related claims pursuant to Civ. R. 18, which states that a party asserting a claim for relief as an original claim may join as many claims, legal or equitable, as he has against an opposing party. Further a trial court may dismiss one, some, or none of a party's claims without dismissing the entire case. *Page 8 
 {¶ 16} We find that the trial court did not err when it severed the non-asbestos-related claims. Accordingly, the Railroads' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR *Page 1