RIEDEL ET AL., APPELLEES, *v*. CONSOLIDATED RAIL

CORPORATION ET AL., APPELLANTS.

[Cite as *Riedel v. Consol. Rail Corp.*, 125 Ohio St.3d 358, 2010-Ohio-1926.]

*Torts — Asbestos claims — Non-asbestos claims brought in same suit as asbestos*
*claims subject to 2004 Am.Sub.H.B. No. 292 — When claimant fails to*
*make necessary prima facie showing required by R.C. 2307.91(A)(1) on*
*asbestos claims and court grants motion for administrative dismissal,*
*court may sever non-asbestos claims for trial.*

(No. 2009-1070 — Submitted February 16, 2010 — Decided May 6, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County,

Nos. 91237, 91238, and 91239, 2009-Ohio-1242.

_____

**PFEIFER, J.**

**{¶ 1}** The proposition of law presented by the appellants is as follows:
"An asbestos claim subject to H.B. 292 may not be severed from non-asbestos
claims arising from the same lawsuit and involving the same indivisible jury." [1]
We conclude that the General Assembly did not intend the statutory scheme
addressing asbestos claims to apply to non-asbestos claims and, therefore, that
non-asbestos claims can be severed from asbestos claims.

**Facts and Procedural History**

**{¶ 2}** Appellees Jack E. Riedel, Danny R. Six, and Josephine Weldy
(collectively, "Riedel") separately brought suit against appellants Consolidated
Rail Corporation, American Premier Underwriters, Inc., and Norfolk Southern
Railway Company (collectively "Consolidated Rail"), alleging various

_____

1. "H.B. 292" refers to 2004 Am.Sub.H.B. No. 292, 150 Ohio Laws, Part III, 3970, which enacted
R.C. 2307.91 et seq., Ohio's asbestos-claims legislation.

occupational-disease claims under the Federal Employers' Liability Act, Section 51 et seq., Title 42, U.S.Code ("FELA") and the Locomotive Inspection Act, Section 20701 et seq., Title 49, U.S.Code. Because the complaints included claims for asbestosis based on occupational exposure to asbestos, they were assigned to the court's separate asbestos docket, a special docket in the Cuyahoga County Common Pleas Court designed to manage the court's heavy caseload of asbestos claims.

{¶ 3} Consolidated Rail moved for an administrative dismissal, alleging that Riedel had failed to make the preliminary prima facie showing required by R.C. 2307.93(A)(1). When the court ordered Riedel to make the required showing, Riedel offered evidence intended to comply with R.C. 2307.92(B) (any person bringing an asbestos claim must make a prima facie showing "that the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition"). Finding Riedel's evidence insufficient to establish a prima facie case, the court granted Consolidated Rail's motion for administrative dismissal as to the asbestos-related claims, but severed the remaining claims and ordered them to be scheduled for trial.

{¶ 4} On appeal, Consolidated Rail argued that the trial court erred in (1) ruling that the administrative-dismissal provisions of R.C. 2307.93 do not apply to the non-asbestos claims and (2) severing the non-asbestos claims for trial. Consolidated Rail asserted that the court should have administratively dismissed all the claims pursuant to R.C. 2307.93(C).

{¶ 5} The court of appeals affirmed the judgment of the trial court, stating, "The administrative dismissal provision is limited to the asbestos-related claims that are specified in R.C. 2307.92." *Riedel v. Consol. Rail Corp.,* 8th Dist. Nos. 91237, 91238, and 91239, 2009-Ohio-1242, ¶ 13. The court reasoned that

the General Assembly "could have allowed the court to administratively dismiss the entire tort action, but chose to limit R.C. 2307.93(C) to asbestos-related nonmalignancy claims, lung cancer claims in a smoker, and wrongful death claims." Id. We accepted jurisdiction. *Riedel v. Consol. Rail Corp.*, 122 Ohio St.3d 1521, 2009-Ohio-4776, 913 N.E.2d 457.

**Analysis**

{¶ 6} Because this case "requires the interpretation of statutory authority, which is a question of law, our review is de novo." *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8, citing *Brennaman v. R.M.I. Co*. (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425.

{¶ 7} R. C. 2307.93(A)(1) provides that a "plaintiff in any tort action who alleges an asbestos claim shall file * * * prima-facie evidence of the exposed person's physical impairment that meets the minimum requirements specified in [R.C. 2307.92(B), (C), or (D)]. R.C. 2307.92(B), (C), and (D) set forth the minimum requirements of a prima facie showing in claims alleging injury related to exposure to asbestos. This provision plainly indicates that the General Assembly intended to require all asbestos-claim plaintiffs, irrespective of the action in which the claims are filed, to provide prima-facie evidence of physical impairment related to asbestos in order to avoid dismissal. This provision clearly cannot apply to claims of injury due to exposure to other toxic substances, such as the claims by Riedel of injury due to diesel exhaust.

{¶ 8} R.C. 2307.93(C) provides that a "court shall administratively dismiss the plaintiff's claim without prejudice" when the plaintiff fails to make the prima-facie showing required by R.C. 2307.93(A)(1). Consolidated Rail argues that the General Assembly's use of "claim" in R.C. 2307.93(C) is broad enough to refer to the more comprehensive "tort action," as used in R.C. 2907.93(A)(1). We disagree.

3

**{¶ 9}** The statutory scheme that addresses asbestos claims, R.C. 2307.91 through 2307.98, is replete with the terms "tort action," "asbestos claim," and "claim." As far as we can determine, there are no instances in which the General Assembly, in referring to a "claim," clearly intended to encompass the entire tort action. We agree with the court of appeals that if the General Assembly had intended R.C. 2307.93(C) to administratively dismiss an entire tort action, it would have used the term "tort action" instead of the more limited "claim." 2009-Ohio-1242, ¶ 13.

**{¶ 10}** A claim that has been administratively dismissed may be reinstated only when the plaintiff is able to make a prima-facie showing as to the asbestos claim. R.C. 2907.93(C). Based on Consolidated Rail's interpretation of "claim" as encompassing the entire "tort action," non-asbestos claims paired with an asbestos claim would remain unresolved, possibly forever, unless the plaintiff could make a prima-facie showing as to the asbestos claim. We consider that result unreasonable or absurd. Accordingly, it is our duty to construe the statute to avoid this result. R.C. 1.47(C); *State ex rel. Cooper v. Savord* (1950), 153 Ohio St. 367, 41 O.O. 396, 92 N.E.2d 390, paragraph one of the syllabus.

**{¶ 11}** We conclude that the administrative-dismissal provision of R.C. 2307.93(C) applies only to asbestos claims, even when the tort action in which the claim is brought includes non-asbestos claims. We also conclude that when a tort action includes an asbestos claim that is administratively dismissed, non-asbestos claims can be severed from the asbestos claim and proceed to trial. Furthermore, we conclude that the trial court in this case properly severed the non-asbestos claims from the asbestos claims. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

BROWN, C.J., not participating.

————————————————

**LUNDBERG STRATTON, J., concurring.**

{¶ 12} I concur. However, I write separately to address the argument of appellants and amicus curiae that severing non-asbestos claims would overburden the asbestos docket and undermine judicial economy. They contend that litigating non-asbestos claims on the already overloaded asbestos docket would thwart the purpose of H.B. 292, which was intended to expedite asbestos cases.

{¶ 13} The adjudication of the non-asbestos claims is a matter best decided at the local level. Once the non-asbestos claims have been severed from the asbestos claims, the local court should determine whether the non-asbestos claims may be adjudicated on the asbestos docket or should be transferred to the court's general docket. I believe that this is a matter of docket control that is best left to court administration at the local level.

O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur in the foregoing opinion.

————————————————

Doran & Murphy, L.L.P., Christopher M. Murphy, and Michael L. Torcello; and Mary Brigid Sweeney Co., L.L.P., and Mary Brigid Sweeney, for appellees.

Burns, White & Hickton, L.L.C., David A. Damico, Ira L. Podheiser, and Megan L. Zerega, for appellants.

Gallagher Sharp, Kevin C. Alexandersen, Colleen A. Mountcastle, and Holly M. Olarczuk-Smith, urging reversal for amicus curiae, Grand Trunk Western Railroad, Inc.

————————————————