[Cite as *State v. Tarbert*, **2019-Ohio-1580.**]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CA56 |
| MATTHEW ERWIN TARBERT | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 2018-
                             CR-0208

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 22, 2019

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           JEFFEREY R. STIFFLER
PROSECUTING ATTORNEY                  21 North Walnut Street
BY: JOSEPH C. SNYDER                  Mansfield, OH 44902
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}  Matthew Tarbert appeals his conviction for carrying a concealed weapon in

violation of R.C. 2923.12(A)(1), a felony of the fourth degree. Appellee is the state of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} When appellant's twelve year old son, K.T. was brought before Judge Ronald Spon of the Richland County Juvenile Court for an incident that occurred at school, the Judge acquired information that led him to modify appellant's visitation with K.T. Appellant learned of this modification and lashed out in a manner that led to his arrest and ultimate conviction.

{¶3} K.T. appeared in Richland County Juvenile Court before Judge Spon on February 7, 2015 regarding an event at school. He was accompanied by Charles Tarbert, K.T.'s grandfather and legal custodian. Judge Spon talked with K.T. as part of his standard procedure to assist in planning what assistance K. T. may need to avoid further problems at school and additional juvenile court appearances. During the hearing, K.T. made comments that led Judge Spon to conclude that the current visitation schedule was not in K.T.'s best interest, so he issued a temporary order compelling appellant to come to Richland County to visit K.T. Appellant was notified and he became angry, belligerent and frustrated.

{¶4} Appellant made several calls to Richland County Juvenile Court regarding this order and expressed his anger to Julie Myers, a juvenile court employee during a telephone call on February 9, 2015. She attempted to explain the circumstances to appellant and that a review hearing could be conducted, but appellant was not mollified and, instead ended the conversation with the comment "someone needs to take a bullet up there." Ms. Myer's reported this comment to her supervisor and court personnel were warned of appellant's comments. A review hearing regarding visitation was scheduled for February 16, 2015, one week after appellant's conversation.

{¶5}    In the intervening days, Amy Tarbert, appellant's step-mother, notified the Juvenile Court of appellant's FaceBook posts expressing anger toward Judge Spon, juvenile court personnel and appellant's father and step mother.  Appellant's threats and photographs of an AR-15 in his possession, all posted on FaceBook,   prompted Judge Spon to prepare for a possible violent encounter with appellant on the day of the hearing. He suspended all visitation between appellant and K.T. He convened an emergency meeting with law enforcement officials regarding the threats and they agreed upon a plan designed to eliminate any possibility of harm to the public or court staff.

{¶6}    When appellant arrived for the hearing on February 16, 2015, he was confronted by two plainclothes officers who confirmed that he was not armed and asked if he had any weapons in his vehicle.  He indicated that he had his AR-15 underneath the back seat of his vehicle with ammunition in a bag under the front seat. The officers searched appellant for weapons and permitted appellant to enter the court and attend the review hearing.

{¶7}    When appellant left the court he was arrested. His vehicle was to be towed, but he mentioned that it was a rental and not his personal vehicle.  The officers contacted the rental company regarding the vehicle and the company representative stated that they would send someone to pick up the vehicle to avoid a towing charge.  The officers mentioned that there was a weapon in the vehicle and the rental company asked that all personal property be removed from the vehicle prior to their taking possession.

{¶8}    The officers agreed to remove any personal property from the rental vehicle. They created a photographic record of their findings which included an AR-15 that was

completely concealed under the back seat and a bag of ammunition including two magazines for the AR-15, both loaded with ammunition for the AR-15.

{¶9} Appellant was charged with intimidation, a violation of R. C. 2921.03 (A), a felony of the third degree with a firearm specification pursuant to R. C. 2941.145, and a forfeiture specification pursuant to R. C. 2941.1417; two counts of inducing panic in violation of section 2913.71 (A)(3), a misdemeanor of the first degree; one count of carrying a concealed weapon in violation of R. C. 2923.12 (A)(1), a felony of the fourth degree with a forfeiture specification pursuant to R. C. 2941.1417; one count of improperly handling firearms in a motor vehicle in violation of section 2923.16 (B), a felony of the fourth degree with forfeiture specifications pursuant to R. C. 2941.1417.

{¶10} The state presented this matter to a jury on June 20, 2018, and after presentation of the evidence appellant was convicted of two counts of inducing panic and one count of carrying a concealed weapon. He was acquitted on the remaining charges. Appellant filed a timely notice of appeal and submitted four assignments of error:

{¶11} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT/DEFENDANT'S RULE 29 MOTION TO DISMISS COUNT FOUR, CARRYING CONCEALED WEAPON, WHICH DENIED APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND OHIO.

{¶12} "II. APPELLANT'S CONVICTION FOR CARRYING CONCEALED WEAPON WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶13}** "III. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS AND HIS RIGHTS UNDER THE OHIO CONSTITUTION.

**{¶14}** "IV. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON R.C. 2923.12(C)(1)(c), WHICH, IF THE JURY FOUND THE CIRCUMSTANCES OF THAT SUBSECTION MET, WOULD RENDER R.C. 2923.12 INAPPLICABLE, THUS PRECLUDING APPELLANT'S CONVICTION FOR CARRYING CONCEALED WEAPON."

## STANDARD OF REVIEW

**{¶15}** In his First Assignment of Error, appellant contends the trial court erred by denying his motion to dismiss the charge of carrying a concealed weapon because the weapon was not within immediate physical reach when he was arrested and because it was not concealed in his vehicle while it was transported.

**{¶16}** Crim.R. 29(A) governs a motion for acquittal:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶17}** "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 164,

reconsideration denied, 147 Ohio St.3d 1480, 2016-Ohio-8492, 66 N.E.3d 766, quoting *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

## ANALYSIS

{¶18}  Appellant has been charged with a violation of R.C. 2923.12(A)(1), Carrying a Concealed Weapon which states: "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following: *** A deadly weapon other than a handgun."  The charge is referencing the AR-15 rifle appellant had concealed in his vehicle underneath the seat, with ammunition concealed under the front seat, all of which were accessible to appellant from the driver's seat in the vehicle. Appellant admitted that he drove the vehicle from his home in Butler County, Ohio to the hearing at Richland County Juvenile Court with the weapon and ammunition in the vehicle, but denied that the weapon was concealed before he left the vehicle.

{¶19} Appellant's first argument is an attempt to add language to R.C. 2923.12(A)(1) to create a defense.  He argues that he did not have the weapon on his person or ready at hand when he was arrested and thus he committed no offense. Revised Code 2923.12(A)(1) contains no requirement that he be in possession of the weapon or have it ready at hand when he is arrested and it does not require an arrest only while the appellant was committing the offense.  We therefor reject the first part of appellant's argument.

{¶20} Appellant next contends that the weapon was not concealed during the transport from his home to his parking space near the court. He testified that he concealed the weapon under the back seat of the truck only after he arrived and only to avoid theft. The investigating officers found the weapon and the ammunition concealed beneath the back and front seats respectively, so the appellant's credibility is the focal point of this portion of appellant's argument. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).The jury was free to believe or reject appellant's assertion that he concealed the weapon only after he arrived in Mansfield and parked his vehicle and the jury rejected the appellant's contention.

{¶21} We hold that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Appellant's first assignment of error is denied.

{¶22} In his second assignment of error, appellant contends that his conviction for carrying a concealed weapon was not supported by sufficient evidence. This argument was combined with his argument regarding the First Assignment of Error. As we have noted above, the standard of review for the first assignment of error, regarding an alleged erroneous denial of a Crim. R. 29 motion, is indistinct from the standard for review of an assertion of lack of sufficient evidence. Because the analysis is essentially the same, our conclusion is the same: we hold that, after viewing the evidence in a light most favorable

to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Appellant's second assignment of error is denied.

{¶23} Appellant's Third and Fourth Assignments of error rely upon the interpretation of R.C. 2923.12(C)(1)(c) so we will address that Code Section before considering the merits of the argument. To the extent that resolution of these assignments of error involve the interpretation of the statute, our review is de novo. *Riedel v. Consol. Rail Corp.,* 125 Ohio St.3d 358, 2010–Ohio–1926, 928 N.E.2d 448, ¶ 6 (2010).

{¶24} Revised Code 2923.12(C)(1)(c) provides:

(C)(1) This section does not apply to any of the following:

***

 (c) A person's transportation or storage of a firearm, other than a firearm

described in divisions (G) to (M) of section 2923.11 of the Revised Code, in

a motor vehicle for any lawful purpose if the firearm is not on the actor's

person;

{¶25} Appellant debates whether this subsection adds an element to the offense of carrying a concealed weapon or creates an affirmative defense to that charge. We hold that the statute creates an affirmative defense and that appellant waived that defense by failing to assert it at trial.

{¶26} Revised Code 2901.05(D)(1) defines an affirmative defense as:

(a) A defense expressly designated as affirmative;

(b) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence.

**{¶27}** Revised Code Section 2923.12 does expressly provide for defenses, and while subsection (C)(1)(c) is not included as a defense that is "expressly designated as affirmative," it is "a defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." The "lawful purpose" for the transportation of the weapon is an "excuse or justification peculiarly within the knowledge of the accused" because it is the appellant's internal motivation that determines his purpose. Compelling the appellee to refute every potential lawful purpose would be unnecessarily burdensome when the alleged "lawful purpose" is within appellant's knowledge and it would be fair and practical for him to provide supporting evidence. The Second District Court of Appeals reached the same conclusion in *State v. Johnson*, 2nd Dist. Montgomery No. 25773, 2014-Ohio-2815, ¶ 32, and we see no reason to reach a different interpretation.

**{¶28}** Now that we have determined that R.C. 2923.12(C)(1)(c) creates an affirmative defense, we will consider the appellant's Third and Fourth Assignments of Error.

**{¶29}** Appellant submits that he was deprived of effective assistance of counsel because his trial counsel failed to assert the affirmative defense described in R.C. 2923.12(C)(1)(c). Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires that the defendant

show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Id. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.; State v. Bradley,* 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶30} Appellant argued in the court below that the AR-15 was not concealed while he was in the vehicle driving to the court in Richland County. He testified that he concealed the weapon only after he arrived and parked the vehicle so as to not tempt someone to break into the vehicle and take the weapon. "And I took the AR and I put it under the back seat. The last thing I want was somebody to bust a window, take the firearm, and start shooting up something." (Trial Transcript, page 48, Lines 20-21). His testimony was inconsistent with the affirmative defense in subsection (C)(1)(c) which would have required an admission that he had concealed the weapon at some earlier point in his travels, but that he was transporting it for a lawful purpose. His counsel evidently concluded that appellant's best defense was to deny that the weapon had ever been concealed and, under the circumstances, we cannot find that counsel's performance fell below an objective level of reasonable representation. The threat that Julie Myers described and the threatening Facebook posts could have led appellant's counsel to conclude that the best course of action was to avoid a thorough review of appellant's purpose for transporting the weapon to a court hearing and "[w]e will not second-guess the strategic decisions counsel made at trial even though appellate counsel now argue

that they would have defended differently." *State v. Post*, 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987) as quoted in *State v. Mason*, 82 Ohio St.3d 144, 169, 1998-Ohio-370, 694 N.E.2d 932 (1998).

{¶31} Appellant's third assignment of error is overruled.

{¶32} Appellant next argues that the trial court erred by failing to include a jury instruction regarding the affirmative defense described in R.C. 2923.12(C)(1)(c) and that the omission was plain error. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long* at paragraph three of the syllabus.

{¶33} We interpret appellant's argument regarding the inclusion of a jury instruction to apply only if we found that R.C. 2923.12(C)(1)(c) is not an affirmative defense. Appellant states on pages 17-18 of his brief: "[i]f this Court finds that section **does not** constitute an affirmative defense, such that it would be on defense counsel to raise said defense at trial and request a jury instruction on same, then Appellant avers that a jury should be instructed as to R.C. 2923.12(C)(1) and its subsections, regardless if that instruction is found in the Ohio Jury Instructions." (Emphasis sic.) As we have found that R.C. 2923.12(C)(1)(c) is an affirmative defense in this case, the appellant's fourth assignment of error is moot and we deny the same.

{¶34} The decision of the Richland County Court of Appeals is affirmed.

By Baldwin, J.,

Delaney, J. concurs

Hoffman, P.J. concurs separately.

*Hoffman, P.J., concurring*

{¶35} I concur in the majority's analysis and disposition of Appellant's first and second assignments of error. More specifically, I agree R.C. 2923.12(A)(1) does not require the deadly weapon be in a person's possession at the time of arrest nor require an arrest only while the defendant is committing the offense.

{¶36} As it pertains to Appellant's claim R.C. 2923.12(C)(1)(c) precludes conviction as a matter of law, I agree with the majority's rejection of this claim as being a credibility issue. As duly noted by the majority, "The jury was free to believe or reject appellant's assertion that he concealed the weapon only after he arrived in Mansfield and parked his vehicle and the jury rejected the appellant's contention." (Maj. Op. at ¶20). I would add, just as we rejected Appellant's contention possession of the rifle at the time of his arrest is a requirement for conviction, given Appellant's admission he concealed the rifle, the exact point in time when he concealed it may be legally irrelevant because it was ready at hand immediately upon being concealed.

{¶37} As it pertains to Appellant's third assignment of error, I concur in the majority's analysis and conclusion R.C. 2923.12(C)(1)(c) is an affirmative offense.

{¶38} The majority rejects Appellant's ineffective assistance of counsel claim premised upon counsel's failure to assert R.C. 2923.12(C)(1)(c) as an affirmative defense because it finds Appellant's testimony was inconsistent with the subsection. (Maj. Op. at ¶30). The majority maintains subsection (C)(1)(c) would have required an admission Appellant had concealed the rifle at some earlier point in his travels, but that he was transporting it for a lawful purpose; concluding his counsel determined the best defense was to deny the rifle had ever been concealed [during transport]. *Id.* I disagree.

{¶39} The subsection permits the rifle in this case to be transported and/or stored in a motor vehicle for "any lawful purpose" if it is not on the actor's person. While the majority focuses on Appellant's testimony the rifle was concealed only after parking near the courthouse, Appellant did proffer a lawful purpose for transporting the rifle from Hamilton to Mansfield - that being to make the scope active by sighting it at his friend Linda's house after court,[1] and if not allowed to do so at Linda's, he would have gone to Jeremy's or Josh's house (to sight the scope). If believed by the jury, the affirmative defense in subsection (C)(1)(c) would preclude conviction even if the rifle in this case was transported concealed. Accordingly, unlike the majority, I do not find Appellant's testimony inconsistent with the affirmative defense in subsection (C)(1)(c).

{¶40} Despite this disagreement, I concur with the majority's decision to overrule Appellant's third assignment of error based upon Appellant's failure to meet the second prong of the *Strickland* test. In light of all of the evidence, I do not find a reasonable probability exists the outcome of the trial would have been different had counsel for the Appellant specifically raised subsection (C)(1)(c) as an affirmative defense.

{¶41} Finally, I concur in the majority's disposition of Appellant's fourth assignment of error. However, I disagree with its interpretation Appellant's argument therein applies only if we find R.C. 2923.12(C)(1(c) is not an affirmative defense and its corollary conclusion such renders this assignment of error moot. I interpret Appellant's argument to be regardless whether R.C. 2923.12(C)(1)(c) is found to be an affirmative defense, if the jury found the circumstances of the subsection met, it would be plain error not to instruct the jury on it.

---

[1] Linda [Kopina] testified she had previously told Appellant he can't shoot at her house with those types of rifles.

{¶42} Nevertheless, I agree with the majority's decision to overrule Appellant's fourth assignment of error for the same reason I would overrule Appellant's third assignment of error. Based upon all of the evidence, I do not find a reasonable probability exists the outcome of the trial would have been different had the trial court instructed the jury on subsection (C)(1)(c).